# In the United States Court of Federal Claims

No. 13-889C
(Filed July 10, 2015)

| | |
|---|---|
| ALAN SHAFER, | ) |
| Plaintiff, | ) Rule 12(b)(1); Subject-Matter Jurisdiction; Mootness. |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

*William S. Aramony*, Alexandria, Virginia, for plaintiff.

*Elizabeth Anne Speck*, Trial Attorney, *Steven J. Gillingham*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Joyce R. Branda*, Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant.

I.   **INTRODUCTION**

Plaintiff, Alan Shafer, brought this military pay action seeking review of a decision by the Air Force Board for Correction of Military Records ("AFBCMR") to deny his request for length of service retirement pay. *See generally* Compl. Specifically, plaintiff alleges that the AFBCMR erred in denying him length of service retirement pay under 10 U.S.C. § 1401(b). *Id*. ¶¶ 28-31 (citing 10 U.S.C. § 1401(b) (2012 & Supp. 2013). Following a stay and remand of this matter to the AFBCMR, the board reversed course and decided to permit plaintiff to receive length of service retirement pay. Def. Mot. at 2-3. In light of the AFBCMR's decision, the government has moved to dismiss plaintiff's complaint as moot, pursuant to Rules 12(b)(1), 12(b)(6), and 52.2 of the Rules of the United States Court of Federal Claims ("RCFC"). *See generally* Def. Mot. For the reasons set forth below, the Court **GRANTS** the government's motion to dismiss.

II.     **FACTUAL AND PROCEDURAL BACKGROUND**[1]

A.     **Factual Background**

Plaintiff, Alan Shafer, is a retired Lieutenant Colonel who served honorably with the United States Air Force for more than 30 years. Compl. at ¶ 2. Plaintiff commenced this military pay action on November 8, 2013, seeking review of a decision by the AFBCMR to deny his request for length of service retirement pay, in lieu of disability retirement pay. *See generally Id*.

In 2002, plaintiff was deployed to Afghanistan for non-flight duties. *Id*. at ¶ 4. Following this deployment, plaintiff injured his right knee. *Id*. The Air Force subsequently processed plaintiff for a disability retirement. *Id*. at ¶ 7. On August 29, 2009, plaintiff was honorably discharged from the Air Force and retired on disability retirement. *Id*. at ¶ 8.

The amount of plaintiff's disability retirement pay is capped at 75% of his base pay. *Id.* But, plaintiff is entitled to receive length of service retirement pay at 79% of his base pay. *Id*; *see also* 10 U.S.C. § 8918 (2012).

Plaintiff appealed the Air Force's decision to pay him disability retirement pay instead of length of service retirement pay to the AFBCMR. Compl. at ¶ 10. In his appeal, plaintiff argued that he should be paid under the most favorable retirement formula available–which, in his case, is the formula to calculate length of service retirement pay. *Id*. at ¶¶ 17-18. The AFBCMR denied plaintiff's appeal, finding that it was not clear whether plaintiff was actually denied the opportunity to elect length of service retirement pay over disability retirement pay. *Id*. at ¶ 19.

Plaintiff appealed the AFBCMR's decision to this Court on November 8, 2013. *See generally Id*. In his complaint, plaintiff alleges that the AFBCMR misinterpreted 10 U.S.C. § 1401(b), which provides that, if a person would "otherwise be entitled" to retirement pay under

---

[1] The facts recounted in this Memorandum Opinion and Order are taken from plaintiff's complaint cited in this Memorandum Opinion and Order as ("Compl. at ___"), defendant's motion to dismiss and the appendix attached thereto ("Def. Mot. at __" and "Def. App. at __"), plaintiff's response and opposition to defendant's motion to dismiss (Pl. Opp. at __"), and defendant's reply brief and the exhibits attached thereto ("Def. Reply at __" and "Def. Ex. __"). Except where otherwise noted, the facts recited here are undisputed. The Court accepts the undisputed facts recited in the complaint as true.

more than one formula listed in section 1401(a), or pursuant to any other provision of law, the person is entitled to be paid pursuant to the provision of law that is most favorable to him. *Id.* at ¶ 28. Specifically, plaintiff argues that he is entitled to the more favorable retirement of 79% of his base pay, which he would have received if the AFBCMR applied the formula calculating retirement pay based upon his length of service under 10 U.S.C. § 8918. *Id.* at ¶¶ 29-30. As relief, plaintiff seeks to be retroactively designated as retired pursuant to the provisions contained in 10 U.S.C. § 8918, along with retirement pay, back pay, and attorneys fees. *Id*. at Prayer for Relief.

On March 5, 2014, the Court stayed and remanded this matter to the AFBCMR so that the board could re-evaluate whether plaintiff was entitled to be designated as retired pursuant to the length of service retirement provisions contained in 10 U.S.C. § 8918. *See* Order Staying & Remanding Case, dated March 5, 2014. On December 31, 2014, the AFBCMR issued an opinion allowing plaintiff to elect length of service retirement pursuant to 10 U.S.C. § 8918 rather than a disability retirement. *See* Def. App. at 1-7.[2]

On January 28, 2015, the Air Force corrected plaintiff's military records to rescind his disability retirement. *Id*. at 8-10. The Air Force also issued a corrected DD Form 214, which is a correction of plaintiff's retirement records. *Id.* at 11-19. In addition, the Air Force issued a new retirement certificate. *Id.* at 20-21. Plaintiff has since been paid the amount of retirement pay that he is due as a result of the AFBCMR's decision. Def. Ex. at 1.

### B.     Procedural Background

Plaintiff commenced this action on November 8, 2013. *See generally* Compl. On March 5, 2014, the Court stayed and remanded this case to the AFBCMR. *See* Order Staying & Remanding Case, dated March 5, 2014. On February 27, 2015, the government moved to dismiss plaintiff's complaint. *See generally* Def. Mot. On March 29, 2015, plaintiff filed a response to the government's motion. *See generally* Pl. Opp. On June 22, 2015, the government filed its reply. *See generally* Def. Reply.

---

[2] Although the AFBCMR found no legal error, the board concluded that it would be in the interest of justice to award plaintiff a length of service retirement. Def. App. at pages 6-7.

III.  **LEGAL STANDARDS**

    A.  **Subject-Matter Jurisdiction**

It is well established that subject-matter jurisdiction is "a threshold question that must be resolved . . . before proceeding to the merits" of a claim. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1998). When considering whether to dismiss an action for lack of subject-matter jurisdiction, the Court is "obligated to assume all factual allegations [of the complaint] to be true and to draw all reasonable inferences in plaintiff's favor." *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995). However, plaintiff bears the burden of showing jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). If subject-matter jurisdiction is found to be lacking, the Court must dismiss the action. RCFC 12(h)(3).

The jurisdiction of the United States Court of Federal Claims is established by the Tucker Act, which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2012). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976). And so, to pursue a substantive right under the Tucker Act, a plaintiff must identify and plead a money-mandating constitutional provision, statute or regulation, or an express or implied contract with the United States. *Cabral v. United States*, 317 F. App'x 979, 981 (Fed. Cir. 2008).

    B.  **Mootness**

It is well-established that justiciability, including mootness, is a question of subject-matter jurisdiction. *CW Gov't Travel, Inc. v. United States*, 46 Fed. Cl. 554, 557 (2000) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). "The mootness doctrine originates from the 'case or controversy' requirement of Article III of the United States Constitution." *Northrop Corp., Northrop Elecs. Sys. Div. v. United States*, 27 Fed. Cl. 795, 800 n.4 (1993)

4

(citing *De Funis v. Odegaard*, 416 U.S. 312, 316 (1974)).  Although the jurisdiction of this Court, as an Article I court, is not limited by the "case or controversy" requirement of Article III, this Court and other Article I courts have adopted many justiciability precepts based upon prudential grounds.  *See, e.g., Schooling v. United States*, 63 Fed. Cl. 204, 209 (2004) (dismissing case for lack of subject-matter jurisdiction because claims asserted in the complaint were moot); *CW Gov't Travel*, 46 Fed. Cl. at 558 (citing *Zevalkink v. Brown*, 102 F.3d 1236, 1243 (Fed. Cir. 1996)) (granting motion to dismiss for mootness); *see also Anderson v. United States*, 344 F.3d 1343, 1350 n.1 (Fed. Cir. 2003) ("The Court of Federal Claims, though an Article I court . . . applies the same standing requirements enforced by other federal courts created under Article III.").

In addition, the Supreme Court has held that "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).  And so, "jurisdiction, properly acquired, may abate if the case becomes moot because: (1) it can be said with assurance that 'there is no reasonable expectation . . .' that the alleged violation will recur . . . and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Davis*, 440 U.S. at 631 (citations omitted).

IV. **LEGAL ANALYSIS**

  A. **Plaintiff's Claims Are Moot**

Dismissal of plaintiff's complaint for mootness is appropriate here because the government has provided plaintiff with all of the relief that he seeks in this action.  This Court has long recognized that mootness is a question of subject-matter jurisdiction.  *CW Gov't Travel*, 46 Fed. Cl. at 556-58 (granting motion to dismiss for mootness) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)); *see also Schooling*, 63 Fed. Cl. at 209 (dismissing case for lack of subject-matter jurisdiction because claims asserted in the complaint were moot).  In addition, the Supreme Court has held that "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Davis*, 440 U.S. at 631 (citing *Powell*, 395 U.S. at 496).  A case must be justiciable in order for the Court to possess subject-matter jurisdiction to adjudicate the plaintiff's claims.  *See Schooling*, 63 Fed. Cl. at 208.  And so, this Court must dismiss an action when the issues in dispute are no longer

live and when plaintiff lacks a legally cognizable interest in the outcome. *Davis*, 440 U.S. at 631.

In this case, the parties disputed whether plaintiff has received all of the relief that he requested in this military pay action. The AFBCMR has granted plaintiff's request to receive length of service retirement pay in lieu of disability retirement pay. Def. App. at 1-7. To that end, on January 28, 2015, the Air Force corrected plaintiff's military records to rescind his disability retirement. *Id*. at 8-10. In addition, the Air Force has issued a corrected DD Form 214, which corrects plaintiff's retirement records. *Id.* at 11-19. The Air Force has also issued a new retirement certificate. *Id*. at 20-21. Furthermore, since the government filed its motion to dismiss, plaintiff has been paid the amount of retirement pay that he is due as a result of the AFBCMR's decision. Def. Ex. at 1.

In his response and opposition to the government's motion to dismiss, filed on March 29, 2015, plaintiff acknowledges the correction of his military records. Pl. Opp. at 1, 4. But, plaintiff opposes the government's motion to dismiss because he has not yet received his length of service retirement pay. *Id*. at 1, 4-5. In its reply brief, the government informs the Court that "[o]n June 17, 2015, Mr. Shafer's counsel informed counsel for the Government that Mr. Shafer had been paid the amount due as a result of the AFBCMR's decision on remand." Def. Reply at 2. With the receipt of his length of service retirement pay, as well as the correction of his military records, plaintiff acknowledges that his complaint is now moot. Pl. Opp. at 1, 4-5. And so, dismissal of his complaint is appropriate.

V.  **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the government's motion to dismiss.

The Clerk's Office is directed to **ENTER** final judgment in favor of defendant, **DISMISSING** the complaint.

Each party to bear their own costs.

**IT IS SO ORDERED.**

                                                s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
Judge