# In the United States Court of Federal Claims

No. 13-889C
Filed December 8, 2015
NOT FOR PUBLICATION

|  |  |  |
|---|---|---|
| ALAN SHAFER, | ) ) ) | |
| Plaintiff, | ) ) | Equal Access to Justice Act, 28 U.S.C. § 2412. |
| v. | ) ) | |
| THE UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

*William S. Aramony*, Alexandria, VA, for plaintiff.

*Elizabeth Anne Speck*, Trial Attorney, *Steven J. Gillingham*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

GRIGGSBY, Judge

### I.   INTRODUCTION

Before the Court is plaintiff's motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The government opposes an award of attorneys' fees and expenses, arguing that plaintiff is not a prevailing party and that the government's position in the underlying litigation was substantially justified. For the reasons set forth below, the Court **DENIES** plaintiff's motion for an award of attorneys' fees.

## II.     FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.     Factual Background

The relevant facts of this case are undisputed. Plaintiff, Alan Shafer, is a retired Lieutenant Colonel who served honorably with the United States Air Force ("Air Force") for more than 30 years. Compl. at ¶ 2. While training to deploy to Afghanistan, plaintiff injured his right knee. Compl. at ¶ 4; Pl. Rep. at Ex. 3. On December 3, 2008, plaintiff applied for length of service retirement from the Air Force under 10 U.S.C. § 8918. Compl. at ¶ 5; Pl Memo. at Ex. 2; Pl. Rep. at Ex. 3; *see also* 10 U.S.C. § 8918. On April 17, 2009, the Air Force denied plaintiff's application for length of service retirement. Compl. at ¶ 6. Thereafter, on August 29, 2009, plaintiff was honorably discharged from the Air Force and placed on disability retirement, pursuant to 10 U.S.C. § 1201(a). Compl. at ¶¶ 7-8, Ex. B; 10 U.S.C. § 1201(a)[2].

On July 27, 2010, plaintiff filed an application for the correction of military records before the Air Force Board for Correction of Military Records ("AFBCMR") in an attempt to obtain length of service retirement pay pursuant to 10 U.S.C. § 1409(b). Compl. at ¶ 10, Ex. A; Def. Mot. at 2; Pl. Resp. at Ex. 3. On December 19, 2011, the AFBCMR denied plaintiff's application, finding no error or injustice. Compl. at ¶ 19, Ex. B, Ex. C; Pl. Resp. at Ex. 3; 10 U.S.C. § 1552.

On November 8, 2013, plaintiff filed the complaint in this matter challenging the AFBCMR's decision. *See generally* Compl. In the complaint, plaintiff contends that he was entitled to receive length of service retirement pay calculated using the multiplier for regular

---

[1] The facts recounted in this Memorandum Opinion and Order are taken from the complaint ("Compl. at ___"), defendant's unopposed motion to remand ("Def. Mot. to Remand"), defendant's motion to dismiss and the appendix attached thereto ("Def. Mot. at __" and "Def. App. at __"), plaintiff's response and opposition to defendant's motion to dismiss (Pl. Opp. at __"), defendant's reply brief and the exhibits attached thereto ("Def. Rep. at __"), plaintiff's motion for attorneys' fees and the memorandum in support of his motion for attorneys' fees ("Pl. Mot. at _" and "Pl. Memo. at _"), defendant's response to the motion for attorneys' fees ("Def. Opp. at _"), and plaintiff's reply in support of his motion for attorneys' fees ("Pl. Rep. at _").

[2] Because the Air Force placed plaintiff on disability retirement, plaintiff's retirement pay had been capped at 75% of his base pay. Compl. at ¶ 7; 10 U.S.C. § 1401(a). Under a length of service retirement, plaintiff is eligible to receive approximately 79% of his base pay under 10 U.S.C. § 1409(b). Compl. at ¶ 7; *see also* 10 U.S.C. § 1409(a)(1)(A).

service non-disability retirement found in 10 U.S.C. § 1409(b), pursuant to 10 U.S.C. § 1401(b). Compl. at ¶¶ 17-18. Section 1401(b) provides, in pertinent part, that "[i]f a person would otherwise be entitled to retired pay computed under more than one formula of the table in subsection (a) or of any other provision of law, the person is entitled to be paid under the applicable formula that is most favorable to him." 10 U.S.C. § 1401(b).

On February 25, 2014, defendant filed a motion, on behalf of both parties, to stay and remand this matter to the AFBCMR. Def. Mot. to Remand. In that motion, the parties requested a remand to the AFBCMR because the administrative record did "not clearly document the AFBCMR's conclusion regarding the central issue of this case, what level of retirement pay plaintiff was entitled to pursuant to 10 U.S.C. § 1401(b)." *Id.* On March 5, 2014, the Court granted defendant's motion for a remand to the AFBCMR and stayed the case during the remand. *See* Order to Stay and Remand. The Court's Remand Order states in pertinent part that:

> On February 25, 2014, defendant filed a motion requesting the court to remand this matter to the Air Force Board for Correction of Military Records (AFBCMR). Plaintiff joins this request. Consistent with defendant's motion, the court hereby orders the following: . . . This case is **REMANDED** to the AFBCMR, for a period not to exceed six months, to consider: (i) plaintiff's claim that the AFBCMR failed to apply 10 U.S.C. § 1401(b) to his retirement application; (ii) any other matters that plaintiff presents in writing to the AFBCMR regarding his retirement within 30 days of this remand order.

Order to Stay and Remand. The Court's Remand Order took no position on the merits of plaintiff's claim. *Id.* Additionally, the matters that the Court directed the AFBCMR to consider during the remand proceedings were requested by the parties in defendant's remand motion. *See* Def. Mot. to Remand.

During the remand before the AFBCMR, plaintiff argued that he was eligible for length of service retirement under 10 U.S.C. § 8918, that the statutory provision for calculating regular service non-disability retirement pay found in 10 U.S.C. § 1409(a)(1)(A) did not preclude plaintiff from receiving length of service retirement pay, and that he should not be penalized with lower retirement pay due to his disability. Pl. Rep. at Ex. 3. On November 26, 2014, the AFBCMR issued an opinion stating that, "we are not convinced that the applicant's retired pay was calculated improperly." Def. App. at 6. But, the AFBCMR, nonetheless, changed plaintiff's

3

retirement pay status to a length of service retirement pursuant to its authority to grant relief in the interest of justice. *See* Def. App. at 1-7; 10 U.S.C. § 1409.

Specifically, in the opinion, the AFBCMR adopted a legal decision issued by the Air Force Office of the Judge Advocate General, Administrative Law Directorate ("AF/JAA") finding that service members retired under 10 U.S.C. § 1201(a) "may not have their retired pay calculated" using the higher multiplier found in § 1409(b), "through §1401(b)'s most favorable formula provision, as it is specifically prohibited by §1409(a)(1)(A)." Pl. Rep. at Ex. 2; *see also* Def. App. at 6. The AFBCMR concluded, however, that pursuant to its authority to "remove an injustice", plaintiff's records should be corrected to reflect that he retired under length of service retirement rules rather than for physical disability. Def. App. at 6-7; 10 U.S.C. § 1552. Specifically, the AFBCMR found "it reasonable to conclude that had the applicant clearly understood that the implications of choosing a disability retirement over a length of service retirement would have resulted in a reduced retired pay multiplier, he would have likely elected to discontinue his processing under the disability evaluation system (DES) and apply for a length of service retirement." Def. App. at 6. And so, the AFBCMR corrected plaintiff's military records to rescind his disability retirement and change plaintiff's retirement status to length of service retirement. Def. App. at 8-9; 11-19.

In light of the AFBCMR's decision, the government moved to dismiss this matter as moot on February 27, 2015. *See* Def. Mot. The Court subsequently dismissed the complaint on July 13, 2015. *See* Memorandum Opinion and Order; Judgment. On August 7, 2015, plaintiff filed a timely motion for attorneys' fees and related expenses pursuant to EAJA. *See* Pl. Mot. Defendant opposes plaintiff's motion. *See generally* Def. Opp.

**B.    Procedural Background**

Plaintiff filed the complaint in this matter on November 8, 2013. *See generally* Compl. On February 25, 2014, defendant filed a motion on behalf of both parties to remand the matter to the AFBCMR. See Def. Mot. to Remand. On March 5, 2014, the Court stayed and remanded this case to the AFBCMR. *See* Order to Stay and Remand. The government filed a status report notifying the Court of the AFBCMR's decision on January 5, 2015. Status Report, Jan. 5, 2015.

4

On February 27, 2015, the government moved to dismiss plaintiff's complaint as moot because, "the Air Force afforded Mr. Shafer all of the relief he requested." Def. Mot. at 4. On March 29, 2015, plaintiff filed a response to the government's motion. *See generally* Pl. Opp. On June 22, 2015, the government filed its reply. *See generally* Def. Reply. On July 13, 2015, the Court dismissed plaintiff's complaint as moot. *See generally* Order, dated July 13, 2015.

On August 7, 2015, plaintiff timely filed a motion for attorneys' fees and a memorandum of law in support of plaintiff's motion for attorneys' fees pursuant to EAJA. *See* Pl. Mot.; RCFC 54(d)(2)(B). On September 8, 2015, defendant filed a response and opposition to plaintiff's motion. *See* Def. Opp. On September 22, 2015, plaintiff filed a reply in support of his motion for attorneys' fees. *See* Pl. Rep. The matter having been fully briefed, the Court addresses the pending motion for attorneys' fees.

### III.   LEGAL STANDARDS

#### A.   EAJA

The Equal Access to Justice Act ("EAJA") sets forth the circumstances under which a party may recoup attorneys' fees, costs and certain other litigation expenses from the United States. 28 U.S.C. § 2412(a), (d). EAJA is a "fee-shifting" statute. *Hubbard v. United States*, 480 F.3d 1327, 1333 (Fed. Cir. 2007). Congress enacted EAJA "'to eliminate the barriers that prohibit small businesses and individuals from securing vindication of their rights in civil actions and administrative proceedings brought by or against the Federal Government.'" *Scarborough v. Principi*, 541 U.S. 401, 406 (2004) (quoting H. R. Rep. No. 96–1005, at 9 (1980)).

The United States Supreme Court has held that a party may recover attorneys' fees and costs under EAJA if: (1) the party's application is submitted to the court within 30 days of final judgment in the action and is supported by an itemized statement; (2) the applicant's net worth does "not exceed $2,000,000 at the time the civil action was filed"; (3) the applicant is a "prevailing party in any civil action brought by or against the United States . . . ."; (4) the government's position was not "substantially justified"; and (5) no "special circumstances make an award unjust." 28 U.S.C. § 2412; *see also Comm'r, Immigration & Naturalization Serv. v. Jean,* 496 U.S. 154, 158 (1990); *Libas, Ltd. v. United States*, 314 F.3d 1362, 1365 (Fed. Cir. 2003).

5

In this regard, "[t]he EAJA applicant has the burden of proving he is a prevailing party." *Davis v. Nicholson*, 475 F.3d 1360, 1366 (Fed. Cir. 2007) (citing *RAMCOR Servs. Grp. v. United States*, 185 F.3d 1286, 1288 (Fed. Cir. 1999)). The United States Court of Appeals for the Federal Circuit has also held that, "where the plaintiff secures a remand requiring further agency proceedings because of alleged error by the agency, the plaintiff qualifies as a prevailing party. . . when successful in the remand proceedings where there has been a retention of jurisdiction." *Former Employees of Motorola Ceramic Products v. United States*, 336 F.3d 1360, 1366 (Fed. Cir. 2003).

In addition, the government bears the burden of proving its litigating position in the controversy was "substantially justified." *Libas*, 314 F.3d at 1365 (citations omitted). To satisfy this burden, the government's position must have "had a 'reasonable basis in law and fact.'" *RAMCOR*, 185 F.3d at 1290 (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)).

To determine whether the government's position was substantially justified, the trial court must "'look at the entirety of the government's conduct. . . .'" *Id.* (quoting *Chiu v. United States*, 948 F.2d 711, 715 (Fed. Cir. 1991)). The government must also demonstrate that it was "'clearly reasonable in asserting its position, including its position at the agency level, in view of the law and the facts.'" *Luciano Pisoni Fabbrica Accessori Instrumenti Musicali v. United States*, 837 F.2d 465, 466 (Fed. Cir. 1988) (quoting *Gavette v. Office of Pers. Mgmt.*, 808 F.2d 1456, 1467 (Fed. Cir. 1986)); *see also Blakley v. United States*, 593 F.3d 1337, 1341 (Fed. Cir. 2010). And so, the government's position may be substantially justified even if it is ultimately incorrect. *Manno v. United States*, 48 Fed. Cl. 587, 589 (2001); *see also Pierce*, 487 U.S. at 561 (holding the appropriate inquiry is "not what the law now is, but what the [g]overnment was substantially justified in believing it to have been."). In addition, the plaintiff bears the burden of proving the additional requirements under EAJA. *Al Ghanim Combined Grp. Co. v. United States*, 67 Fed. Cl. 494, 496 (2005).

IV.   **LEGAL ANALYSIS**

    A.   **Plaintiff Is Not A Prevailing Party**

In his motion, plaintiff seeks an award of attorneys' fees and other costs and expenses pursuant to the Equal Access to Justice Act. *See generally* Pl. Mot. The government opposes plaintiff's motion upon two grounds. Def. Opp. at 6-10. First, the government argues that

plaintiff is not a prevailing party in this case, because the Court did not remand the case to the AFBCMR to address an administrative agency error and plaintiff did not achieve success before the agency. Def. Opp. at 6-8. Second, the government argues that its position in this litigation was substantially justified because the AFBCMR found no agency error. *Id*. at 8-10. In the alternative, the government argues that, should the Court determine that plaintiff is entitled to attorneys' fees, the Court should reduce the amount of those fees because plaintiff's attorney is not entitled to enhanced fees and the Air Force committed no error. *Id.* at 10-12.

For the reasons discussed below, the Court must deny plaintiff's motion because plaintiff has not shown that he was a prevailing party and the government's position in this litigation was substantially justified.

### 1.     The Court Did Not Remand The Case Due To Agency Error

As an initial matter, plaintiff is not a prevailing party in this matter because the remand of this case to the AFBCMR was not due to agency error. In *Former Employees of Motorola*, the United States Court of Appeals for the Federal Circuit held that, "where the plaintiff secures a remand requiring further agency proceedings *because of an alleged error*, the plaintiff qualifies as a prevailing party . . . when successful in the remand proceedings where there has been a retention of jurisdiction." *Former Employees of Motorola*, 336 F.3d at 1366 (emphasis supplied). The general rule is that, if the Court issuing the remand order does not identify or acknowledge an error by the administrative agency, and there has not been a "concession of such error by the agency", the remand is procedural in nature and does not convey prevailing party status upon the claimant. *Davis*, 475 F.3d at 1366; *see also Thompson v. Shinseki*, 682 F.3d 1377, 1382 (Fed. Cir. 2012) (stating that only remands based on "actual or perceived administrative error" convey prevailing party status for EAJA purposes) (citing *Davis*, 475 F.3d at 1364); *Ward v. U.S. Postal Serv.*, 672 F.3d 1294, 1299 (Fed. Cir. 2012) (stating that "remands not rooted in agency error do not result in prevailing party status" under EAJA); *Gurley v. Peake*, 528 F.3d 1322, 1328 (Fed. Cir. 2008) (holding that a remand for "judicial economy rather than administrative error" does not convey prevailing party status).

In determining whether a remand is based upon agency error here, this Court has long recognized that a remand predicated upon agreement of the parties "does not bar a finding of prevailing party status." *Gurley*, 528 F.3d at 1328. Additionally, the Court may look to the

"context of the full record" to determine whether there has been administrative error. *Martinez v. United States*, 94 Fed. Cl. 176, 182 (2010) (citing *Davis*, 475 F.3d at 1365).

The undisputed facts in this case make clear that plaintiff did not secure a remand because of an alleged agency error. *See* Def. Mot. to Remand; Order to Stay and Remand. The Court's Remand Order granted a joint request from the parties to remand the case to the AFBCMR and to stay the case during the remand. *See* Order to Stay and Remand. The Court's Remand Order states in pertinent part that:

> This case is **REMANDED** to the AFBCMR, for a period not to exceed six months, to consider: (i) plaintiff's claim that the AFBCMR failed to apply 10 U.S.C. § 1401(b) to his retirement application; (ii) any other matters that plaintiff presents in writing to the AFBCMR regarding his retirement within 30 days of this remand order; . . . .

*Id*. The Court's Remand Order took no position on the merits of plaintiff's claim. *Id*. Nor did the Remand Order find any error on the part of the Air Force. *Id*. Rather, the Court's Remand Order was purely procedural. *See Akers v. Nicholson*, 409 F.3d 1356, 1359 (Fed. Cir. 2005). It is well established that such a procedural remand does not confer prevailing party status on an EAJA claimant. *Id.* (holding when the parties agreed to a procedural remand, the remand merely provided the opportunity for further adjudication and, thus, did not confer prevailing party status on claimants) (citing *Vaughn*, 336 F.3d at 1356). And so, the Court's Remand Order did not confer prevailing party status upon plaintiff in this case. *See* 28 U.S.C. § 2412.

The Air Force also did not concede any administrative error during the remand proceedings. Def. App. at 6-7. During the remand proceedings, the AFBCMR adopted the Air Force's findings that plaintiff was not eligible to have his "retired pay calculated under 10 U.S.C. §1409 through §1401(b)'s most favorable formula provision. . . ." Pl. Rep. at Ex. 2; Def. App. at 6. Specifically, the AFBCMR determined that it was "not convinced that the applicant's retired pay was calculated improperly." Def. App. at 6. Additionally, the AFBCMR held that:

> We therefore accept the recommendations provided by AF/JAA and adopt its rationale as the basis for our conclusion that the applicant's military retired pay was computed appropriately in accordance with the governing statutes and Air Force policy.

*Id*. And so, the undisputed facts in this matter show that neither the agency, nor the Court, identified or conceded any error with respect to the Air Force's decision on plaintiff's retirement

8

status. *See* Order to Stay and Remand; Def. App. at 6-7. Given this, plaintiff cannot be a prevailing party as contemplated by the EAJA statute. 28 U.S.C. § 2412; *Former Employees of Motorola*, 336 F.3d at 1366.

### 2.     Plaintiff Did Not Succeed On The Merits Before The AFBCMR

Because plaintiff has not shown that the remand of this case was because of an alleged agency error, he has not met his burden to establish that he is a prevailing party. Nonetheless, the undisputed facts also show that plaintiff was not successful before the agency.

In this regard, it is undisputed that plaintiff has received all of the relief that he requested during the remand proceedings. Def. Mot.; Pl. Memo. at 2-3. The AFBCMR has changed plaintiff's retirement status to length of service retirement and corrected plaintiff's military records to reflect this retirement status. Def. Mot. at 3-4; Def. App. at 6-21. In addition, plaintiff is currently receiving length of service retirement pay. Def. App. at 9, 11-18, 20-21; Def. Rep. at 2.

But, it is also undisputed that the AFBCMR awarded this relief based upon its authority to grant relief to remove an injustice, rather than by a finding of error. Def. App. at 6-7; 10 U.S.C. § 1552. Specifically, during the remand proceedings, the AFBCMR held that if plaintiff had understood the "implications of choosing a disability retirement over a length of service retirement. . . he would have likely elected to discontinue his" disability retirement processing and applied for length of service retirement. Def. App. at 6. And so, the AFBCMR determined that it would correct plaintiff's military record, and change his retirement status to length of service retirement from disability retirement, "in the interest of justice." *Id*. In doing so, the AFBCMR specifically held that there was no agency error in this case. Def. App. at 6-7 ("the applicant's military retired pay was computed appropriately"); *see also* Compl. at Ex. B ("The Board determines that: [t]he applicant be notified the evidence presented did not demonstrate the existence of material error. . . .").

This Court has long recognized that a party does not "succeed before the agency" when the "lawsuit brought about a voluntary change in the defendant's conduct." *Akers*, 409 F.3d at 1358 (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 601 (2001) (rejecting the "catalyst theory")); *see also Brickwood Contractors, Inc. v. United States*, 288 F.3d 1371, 1379 (Fed. Cir. 2002) (applying the *Buckhannon* analysis to EAJA cases). Rather, plaintiff must obtain "some relief or success on a significant issue in the

litigation, such as an "enforceable judgment[ ] on the merits or [ ] a court-ordered consent decree." *Buckhannon*, 532 U.S. at 604 (citing *Tx. State Teachers Ass'n,* 489 U.S. at 792-93); *see also Rice Services, Ltd. v. United States*, 405 F.3d 1017, 1025 (Fed. Cir. 2005) ("[I]n order to demonstrate that it is a 'prevailing party,' an EAJA applicant must show that it obtained an enforceable judgment on the merits or a court-ordered consent decree that materially altered the legal relationship between the parties, or the equivalent of either of those.") (citations omitted). The outcome of the remand proceedings here is analogous to other circumstances where the government has voluntarily changed its position after the commencement of litigation. It is well established that plaintiff is not entitled to an award of attorneys' fees under EAJA under such circumstances. *Akers*, 409 F.3d at 1358. And so, plaintiff may not receive attorneys' fees and other costs under EAJA.

## B. The Government's Position Was Substantially Justified

Although the Court concludes that plaintiff is not a prevailing party for EAJA purposes− and that he cannot recover attorneys' fees under EAJA− the Court also briefly addresses the issue of whether the government's litigation position in this matter was substantially justified[3].

It is well established that the government bears the burden of proving its position was substantially justified. *See White v. Nicholson*, 412 F.3d 1314, 1316 (Fed. Cir. 2005); *Hillensbeck v. United States*, 74 Fed. Cl. 477, 479–80 (2006); *Al Ghanim Combined Grp. Co.*, 67 Fed. Cl. at 496. The United States Supreme Court has also held that "substantially justified" means "'justified in substance or in the main'–that is justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565. In this regard, "trial courts are instructed to look at the entirety of the government's conduct and make a judgment call [about] whether the government's overall position had a reasonable basis in both law and fact." *Chiu*, 948 F.2d at 715.

The government's position during the course of the litigation has been that the Air Force properly determined that plaintiff was not entitled to length of service retirement pay under 10 U.S.C. § 1409(b). Def. App. at 6; Def. Opp. at 8-9. The AFBCMR agreed with this position

---

[3] The Court notes that this litigation terminated before the Court could reach the merits of plaintiff's claims. Nothing in this Memorandum Opinion and Order should be construed as the Court taking a position on the merits of plaintiff's claims.

10

during the remand proceedings. Def. App. at 6. In fact, while the AFBCMR ultimately awarded plaintiff relief, it did so without finding any error with respect to the government's litigation position. Def. App. at 6-7. Given this, the undisputed facts in this case show that, overall, the government's position had a reasonable basis in law and fact. *Chiu*, 948 F.2d at 715. And so, the government has demonstrated that its position during this litigation was "justified to a degree that could satisfy the reasonable person." *Pierce*, 487 U.S. at 564–65.

## V. CONCLUSION

In sum, the undisputed facts in this matter demonstrate that plaintiff has not met his burden to show that he is a prevailing party in order to obtain an award of fees under the Equal Access to Justice Act. Plaintiff has not demonstrated that this case has been remanded to the AFBCMR based upon an administrative agency error, nor has he shown that he succeeded before the agency. In addition, the government has shown that its litigation position in the case was substantially justified. For these reasons, plaintiff is not entitled to an award of attorneys' fees and other costs and expenses pursuant to the Equal Access to Justice Act.

For the foregoing reasons, the Court **DENIES** the plaintiff's motion for attorneys' fees.

The Clerk's Office is directed to enter judgment in favor of defendant.

Each party to bear its own costs.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
Judge